# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESTON SMITH,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 1:19-0943** |
| : | |
| v. : | |
| : | **(MANNION, D.J.)** |
| **JOHN FRIEL,** *et al.*, : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. 4), of Judge Martin C. Carlson recommending that this civil rights action filed *pro se* by plaintiff Weston Smith, (Doc. 1), an inmate awaiting his criminal trial at the Cumberland County Prison, ("CCP"), be dismissed. After conditionally granting plaintiff leave to proceed *in forma pauperis*, Judge Carlson screened the complaint pursuant to 28 U.S.C. §1915(e)[1]. The screening performed by Judge Carlson was also under 28 U.S.C. §1915A.[2]

---

[1]Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]Title 28 U.S.C. §1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for

On June 11, 2018, plaintiff filed objections to the report and recommendation. (Doc. 10). Plaintiff also filed two motions to proceed *in forma pauperis*. (Docs. 7 & 11). After having reviewed the record, the court will **ADOPT** the report and recommendation. Plaintiff's objections will be **OVERRULED**. Plaintiff's motions to proceed *in forma pauperis* will be **GRANTED**. The complaint will be **DISMISSED**.

**II.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

With respect to the portions of a report and recommendation to which no objections are made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to

---

purposes of determining whether, *inter alia*, the complaint fails to present a viable cause of action. This initial screening is to be done as soon as practicable and need not await service of process. 28 U.S.C. §1915A(a).

2

accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III. DISCUSSION

Plaintiff names 12 defendants in his complaint, including the Cumberland County Commissioners. Plaintiff asserts that he is being illegally confined in the CCP for 30 months, and that his rights under the U.S. Constitution are being violated regarding the filing of the state criminal charges against him as well as his arrest and his prosecution. The criminal charges filed against plaintiff are still pending in Cumberland County Court.[3] Specifically, plaintiff alleges that a vast conspiracy exists involving the County Commissioners, the police, the County prosecutors, his defense counsel, and

---

[3]As Judge Carlson indicates, plaintiff is charged with state drug distribution offenses resulting in death. *See* Commonwealth v. Smith, CP-21-CR-221-2017.Plaintiff's state court docket can be found at https://ujsportal.pacourts.us/DocketSheets/CP.aspx and https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx.

3

a magisterial district judge to deny him his constitutional rights regarding his pending criminal case. As the report states, "[plaintiff] seeks far-reaching injunctive and declaratory relief, including a court order directing a federal criminal investigation [by the Department of Justice] of the county criminal justice system, as well as millions of dollars in compensatory and punitive damages."[4]

Judge Carlson details six reasons in his report why plaintiff's complaint fails to state a cognizable claim and should be dismissed. Plaintiff challenges Judge Carlson's determinations in his objections. The court has reviewed both the report and the objections and finds that Judge Carlson correctly determined that plaintiff's complaint should be dismissed as to all claims.

First, Judge Carlson finds that under the *Younger* abstention doctrine, this court should not intervene in plaintiff's pending state criminal case. In his objections, plaintiff contends that the County Court is biased and not competent to conduct his criminal trial since "[it] is engaged in a conspiracy to deprive criminal defendants of their constitutional rights for political and professional prestige and advancement and the enrichment of the county and its high officials ... ." Plaintiff also contends that he is not seeking to enjoin his

---

[4]Insofar as plaintiff claims his confinement in CCP is unlawful and seeks release, such relief is only available through a writ of habeas corpus" after plaintiff has been tried and exhausts his state court appellate remedies. Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017) (citing Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827 (1973)).

County Court criminal trial and that the *Younger* abstention doctrine does not apply to damages claims or claims regarding alleged conspiracies with judges.

As Judge Carlson thoroughly explains in his report, the Supreme Court has recognized "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable harm to a federal plaintiff." Moore v. Sims, 442 U.S. 415, 423 (1979)(discussing the abstention doctrine articulated by the Supreme Court in Younger v. Harris, 401 U.S. 37 (1971), and determining that it applies to civil, as well as criminal, proceedings). Application of the *Younger* doctrine to §1983 civil rights actions in which the plaintiff is challenging the pending state court criminal charges filed against him and is alleging that the initiation and prosecution in the ongoing underlying state court action "violated and continues to violate his constitutional rights" is appropriate. *See* Smithson v. Rizzo, 2015 WL 1636143, *4; Jaffery v. Atlantic County Prosecutor's Office, 695 Fed.Appx. 38 (3d Cir. 2017); Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 134 S.Ct. 584, 588 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); Miles v. Zech, 2018 WL 3207381 (M.D.Pa. June 29, 2018). Judge Carlson correctly finds that the criteria for *Younger* abstention are met in this case.

Additionally, plaintiff has not demonstrated that he is unable to raise his federal claims against the Cumberland County justice system in his state

court criminal proceeding and, if convicted, in the state appellate courts. "[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Jaffery, 695 Fed.Appx. at 41 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)). Here, as in the Jaffery case, "[plaintiff] has not shown the state court is 'incapable of fairly and fully adjudicating the federal issues,' as most of the charges against [plaintiff] have not been tried, nor has [plaintiff] exhausted his state rights of appeal." *Id*. (internal citation omitted). *See also* Kugler, 421 U.S. at 124 (The Supreme Court stated that "[t]he policy of equitable restraint expressed in Younger v. Harris, in short, is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Nor has plaintiff shown that "state law raises procedural barriers to the presentation of [his] federal challenges." Gonzalez v. Waterfront Comm'n of N.Y. Harbor, 755 F.3d 176, 184 (3d Cir. 2014).

Plaintiff states that the *Younger* abstention doctrine does not apply to damages claims. No doubt that courts have found that the application of the *Younger* abstention doctrine is not appropriate in federal cases seeking only to obtain money damages for alleged violations of rights under §1983. *See* Jones v. County of Westchester, 678 Fed.Appx. 48, 50 (2d Cir. 2017). However, this is not a suit for money damages alone. As indicated, plaintiff is seeking injunctive and declaratory relief as well as money damages. In fact,

6

Judge Carlson only recommends that the court should abstain under *Younger* from addressing plaintiff's requests for injunctive relief and that it should dismiss these requests. Also, "where a state court can address a plaintiff's causes of action, a federal court should abstain [under the *Younger* abstention doctrine] and dismiss the case even if the plaintiff requests monetary damages in addition to injunctive relief from the state court proceeding." Gerhardt v. Mares, 179 F.Supp.3d 1006, 1047 (D.N.M. 2016).

Further, as Judge Carlson explains in his report, plaintiff's claim for money damages are precluded based on grounds other than the *Younger* abstention doctrine, including Heck as well as judicial immunity and prosecutorial immunity.

Next, the report finds that to the extent plaintiff requests injunctive relief seeking the court to initiate a federal criminal investigation and prosecution into the Cumberland County criminal justice system, this claim fails as a matter of law and should be dismissed. Insofar as plaintiff seeks the court to order the commencement of federal criminal prosecution, the Third Circuit has held that a private person in a federal civil action could not seek to impose criminal liability on a defendant because he lacked standing to do so. *See* Conception v. Resnik, 143 Fed.Appx. 422, 425-26 (3d Cir. 2005) (citing U.S. v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")).

7

The report also finds that to the extent plaintiff seeks "to hold a state judge or prosecutors personally liable for civil rights violations [and for damages], it is well-settled that these officials are individually cloaked with immunity from liability." As such, it is recommended that plaintiff's claims against the Cumberland County prosecutors seeking to hold them personally liable for their acts of filing charges and prosecuting him should be dismissed since these defendants are entitled to prosecutorial immunity based on Imbler v. Pachtman, 424 U.S. 409 (1976) and Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006).

With respect to plaintiff's request for monetary damages, the court finds that prosecutors in the Cumberland County District Attorney's Office enjoy prosecutorial immunity. Prosecutors are entitled to absolute immunity when performing their official duties, including the decision to prosecute or not prosecute an individual. *See* Stankowski v. Farley, 487 F.Supp.2d 543 (M.D.Pa. 2007); Radocesky v. Munley, 247 Fed.App'x. 363, 365 (3d Cir. 2007).

In his objections, plaintiff states that he sues the prosecutors for acts committed in investigative and administrative capacities and, that they are not entitled to immunity with respect to these functions. However, as Judge Carlson explains, "[plaintiff's] complaint largely seeks to hold prosecutors personally liable for their act of prosecuting him." Thus, plaintiff's claims against the Cumberland County prosecutors which are based on their actions

in deciding to initiate a criminal case against him and to prosecute him will be dismissed since these prosecutors are entitled to absolute immunity from liable under §1983 for these actions.

The report also recommends that plaintiff's claims against the state magisterial district judge should be dismissed since the judge is absolute immune from liability for judicial acts. Plaintiff contends in his objections that he is suing the judge for "acts committed in her administrative and executive capacities", and thus the judge is not entitled to judicial immunity. However, plaintiff's allegations relate to the judge's judicial acts. The law is clear that the judge named by plaintiff is absolutely "immune from suit under section 1983 for monetary damages arising from [her] judicial acts." Gallas v. Supreme Court of Pa., 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted). In Mikhail v. Kahn, 572 Fed.Appx. 68, 70 (3d Cir. 2014), the Third Circuit explained:

> Judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The orders entered in the state court proceedings involving [plaintiff] may not serve as a basis for a civil action for damages. *See id.* The claims for injunctive relief also are barred because [plaintiff] did not allege that any judge violated a declaratory decree or that declaratory relief was not available in his case. 42 U.S.C. §1983 ("[I]njunctive relief against judicial officers for acts or omissions taken in the officer's judicial capacity shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Accordingly, dismissal of the complaint against the defendant judges, including dismissal of [plaintiff's] conclusory claims of conspiracy, was proper.

Based on Mikhail, plaintiff's claims against the state judge which clearly

9

arise from her judicial acts will be dismissed since the judge is entitled to absolute immunity.

Fifth, the report finds that plaintiff's claims against his court-appointed and private criminal defense counsel should be dismissed since these defendants are not state actors. Plaintiff objects arguing that he has alleged his defense counsel committed acts "individually and in conspiratorial agreement with [state actors]."

In order to state a claim under 42 U.S.C. §1983, the plaintiff must show that his defense counsel acted under the color of state law and denied him a federally protected constitutional or statutory right. *See* Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1264 (3d Cir.1994). Because the plaintiff has sued private individuals for actions taken in their roles as attorneys, he must point to some action that is "fairly attributable" to the state. Lugar, 457 U.S. at 937. To do this, the plaintiff must show: (1) that defendants' acts were "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible" and (2) that defendants may fairly be said to be state actors. *Id.*

A person may be found to be a state actor when: (1) he is a state official, (2) "he has acted together with or has obtained significant aid from state officials," or (3) his conduct, is by its nature, chargeable to the state. Id. at 937. The Supreme Court noted that "[w]ithout a limit such as this, private

parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." Id. at 937.

Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court. *See*, e.g., Polk County v. Dodson, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983.); Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir.1983) ("[P]rivate attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of §1983.").

Although "[p]leadings and other submissions by a *pro se* litigant are subject to liberal construction", Jackson v. Davis, 2014 WL 3420462, *9 (W.D.Pa. July 14, 2014) (citations omitted), "for Rule 12(b)(6) purposes, a *pro se* complaint must still 'contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citations omitted). Here, because plaintiff's defense counsel are private attorneys and he has failed to allege enough facts to show that they were acting under color of state law within the meaning of §1983, the plaintiff's complaint against them will be dismissed for failure to state a claim upon which relief can be granted. *See* Farrar v. McNesby, 639 Fed.Appx. 903, 906-07 (3d Cir. 2016) ("Although private individuals may nonetheless be liable under §1983 if they have

11

conspired with or engaged in joint activity with state actors, ..., [plaintiff's] vague allegations of a conspiracy do not satisfy the plausibility standard of Rule 12(b)(6).") (internal citation omitted).

Sixth, Judge Carlson finds that plaintiff's allegations challenging his arrest and prosecution essentially amount to a malicious prosecution claim and he concludes that it is barred by the "favorable termination" rule recognized in [Heck v. Humphrey, 512 U.S. 477 (1994)](). No doubt that there must be a "favorable termination" for plaintiff in his underlying criminal proceeding regarding a malicious prosecution claim and, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." [Kossler v. Crisanti, 564 F.3d 181, 187 (3d Cir. 2009)]()).

In [Washington v. Hanshaw, 552 Fed.Appx. 169, 173 (3d Cir. 2014)](), the Third Circuit stated that "our precedents are clear that §1983 plaintiffs alleging arrest and prosecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, but are entitled to relief only if they are innocent of the crime for which they were prosecuted." (citing [Hector v. Watt, 253 F.3d 154, 156 (3d Cir. 2000)]()). As such, plaintiff "must prove *actual* innocence as an element of his *prima facie* case" regarding his malicious prosecution claim. [Steele v. City of Erie, 113 Fed.Appx. 456, 459 (3d Cir. 2004)]() (citing [Hector v. Watt, 235 F.3d at 156]()).

There is no dispute that the charges filed against plaintiff are still

pending, and that plaintiff alleges there was not sufficient probable cause for his arrest and prosecution.

Insofar as plaintiff raises a claim of malicious prosecution, it is subject to dismissal. *See* DiFronzo v. Chiovero, 406 Fed.Appx. 605, 609 (3d Cir. 2011) (The Third Circuit held that "in Hector v. Watt, 235 F.3d at 156, we stated that a §1983 malicious prosecution plaintiff 'must be innocent of the crime charged in the underlying prosecution.'"); Curry v. Yachera, 835 F.3d 373, 377-79 (3d Cir. 2016). At this time, plaintiff simply cannot satisfy the favorable termination element in his pending criminal case and his malicious prosecution claim challenging his arrest and prosecution is *Heck* barred. *See* Ebuzor-Onayemi v. Union County Police Department, 736 Fed.Appx. 44, 46 n. 3 (3d Cir. 2018) ("A §1983 claim based on an allegedly unconstitutional conviction or sentence does not accrue until the invalidation of that conviction or sentence.") (citing Wallace v. Kato, 549 U.S. 384, 393, 127 S.Ct. 1091 (2007)).

However, plaintiff also makes allegations regarding false statements and misstatements of material facts as well as the fabrication of evidence that were contained in the affidavit of probable of cause. He alleges that absent the false statements and misstatements of material facts, the affidavit would not have contained sufficient probable cause for the charges against him and for his seizure, arrest and detention. In liberally construing plaintiff's *pro se* pleading as required, *see* Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir.

2011), these allegations sound as false arrest, false imprisonment and fabrication of evidence claims, and they are not *Heck* barred. "Heck does not automatically bar [plaintiff's] claims of false arrest and false imprisonment." Olick v. Pennsylvania, 739 Fed.Appx. 722, 726 (3d Cir. 2018) (citing Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence."). Rather, a "determination whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry" "which requires district courts to determine whether each claim—if successful—would imply the invalidity of the conviction or sentence." *Id*. at 726 (citations omitted). In fact, "[t]he Third Circuit has clarified that fabrication of evidence is a stand-alone claim that is not dependent upon a malicious prosecution claim." Dennis v. City of Phila., — F.Supp.3d —, 2019 WL 2117619, *8 (E.D.Pa. May 15, 2019) (citing Halsey v. Pfeiffer, 750 F.3d 273, 292 (3d Cir. 2014)).

Although plaintiff's false arrest, false imprisonment and fabrication of evidence claims against defendant John Friel, detective with the West Shore Regional Police Department, are not Heck barred, they are time barred.

"Pennsylvania's two-year statute of limitations for personal injuries, 42 Pa.C.S.A. §5524, is applicable to federal civil rights claims brought pursuant to 42 U.S.C. §1983. Jackson, 2014 WL 3420462, *15 (citations omitted). "[T]he accrual date for a §1983 claim is a question of federal law that is not

14

resolved by reference to state law." *Id*. (citations omitted). Additionally, "[w]ith respect to Fourth Amendment claims based on false arrest and imprisonment, the limitations period accrues when the wrongful detention ends—i.e., when the arrestee becomes detained pursuant to legal process by virtue of being bound over by a magistrate judge, e.g., or arraigned on charges." *Id*. (citations omitted).

Plaintiff's Criminal Docket indicates that he was arrested on December 28, 2016. Plaintiff had his preliminary hearing before Judge Beckley on January 18, 2017. His trial is scheduled to commence on July 29, 2019. As such, plaintiff's false arrest and false imprisonment claims, as well as his fabrication of evidence claim, accrued no later than January 18, 2017 when the three criminal charges filed against him were bound over for County Court. *See id.*

Nor would the Pennsylvania discovery rule toll the statue of limitations with respect to plaintiff's stated claims. "Any injury to Plaintiff arising out of his arrest was certainly known, or reasonably should have been known, to him as of [the time the charges were bound over to County Court.]" *Id.* at 16.

Thus, since plaintiff did not file his complaint until June 3, 2019, after the expiration of the two-year limitations period (i.e., January 18, 2019), his false arrest and false imprisonment claims will be dismissed as untimely.

Lastly, plaintiff's claims against the three Cumberland County Commissioners are subject to dismissal for lack of allegations regarding any

15

personal involvement by these defendants. The Commissioners cannot be held liable based upon their supervisory position as plaintiff seeks to do in this case. "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); *see also* Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); Farrar, 639 Fed.Appx. at 906-07.

Finally, based on the above, it would be futile to grant plaintiff leave to amend his complaint at this time regarding all of his claims. *See* Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.").

## IV. CONCLUSION

Accordingly, the report and recommendation of Judge Carlson is **ADOPTED** with respect to all claims against all defendants. The plaintiff's complaint is **DISMISSED**. The objections filed by plaintiff are **OVERRULED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 10, 2019**
19-0943-01.wpd

16